# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DEBORAH TUCCI,**

        **Plaintiff,**

**-vs-**                                              Case No. 6:08-cv-606-Orl-22DAB

**HORIZON HOMES OF CENTRAL**
**FLORIDA, INC.,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT (Doc. No. 43)**
>
> **FILED:**     **February 27, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the proposed consent judgment is a "fair and reasonable resolution of a bona fide dispute" over Fiar Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, as set forth in the papers and the fairness hearing held on the matter, Plaintiff Deborah Tucci and opt-in Plaintiff Jay Dixon were sales consultants for Defendant for a brief period of time. Both brought claims for unpaid overtime compensation and the parties agreed to settle the matter by agreeing to the proposed consent judgments attached to the motion. The parties represent that both Plaintiffs are to receive a judgment for the full amount of their claims: In Plaintiff Tucci's case, she is to receive all of her asserted unpaid overtime compensation, a like amount in liquidated damages, and $500 in unpaid wages. Plaintiff Dixon is to receive the full amount of asserted unpaid overtime compensation.[1] As full recompense is inherently fair and reasonable, the Court recommends approval.

Each judgment also provides for $2,715.00 for attorney's fees and costs. The parties represent that amount as fair and reasonable. As the docket shows significant attorney effort on the part of

---

[1] Plaintiff Dixon did not seek an award of liquidated damages.

Plaintiff's counsel, and as Plaintiffs are receiving all of their claim, the Court finds no reason to question the parties agreement that this amount is appropriate.

It is therefore **RECOMMENDED** that the motion be granted and the consent judgments be issued. This recommendation supercedes the prior Report and Recommendation (Doc. No. 38), which the undersigned hereby **vacates.** Should the Court adopt this recommendation, it should direct the Clerk to enter the judgments and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 12, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy